FILED by GHE D.C.

JUL 2 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

WILFREDO HUNT
    Petitioner,

## 09-81057

vs.

Docket No: 06-80070-CR-Middlebrooks

## CIV-MIDDLEBROOKS

UNITED STATES OF AMERICA
    Respondent.

MAGISTRATE JUDGE
JOHNSON

_____/

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

Comes Now Wilfredo Hunt with this his Memorandum of Law in support of Motion to Set Aside Sentence pursuant to Title 28 U.S.C. Section 2255 and in support provides as follows:

### SUMMARY OF THE PROCEDURAL HISTORY

A grand jury in the Southern District of Florida returned a third superseding indictment charging Petitioner Winfred Lorenzo Hunt and Leonard Allen, Jr., along with 14 co-defendants with 40 counts (DE 596).

Specifically, Petitioner, Allen their codefendants were charged as follows: conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), all in violation of 21 U.S.C.§ 846 (Count 1); Petitioner with 31 counts of possessing various quantities of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A),(B)& (C)  (Counts 2-13, 14-20, 22-23, 25-34); Petitioner and Allen with possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) on  February 16, 2006 (Count 24); Allen with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 37); Allen with possession of at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B) on May 22, 2006 (Counts 38).

Following a jury trial, Allen was convicted on Counts 1, 24, 37 and 3. Petitioner Hunt was convicted on Counts 1-4, 6-20, and 22-34, and found not guilty as to Count 5.

Subsequently, Petitioner Hunt was sentenced to life imprisonment on Counts 1, 4, 6, 9, 12, 14-16, 18-20, 22-30 and 34; 360 months' imprisonment as to Counts 2, 3, 7, 8, 10, 11, 13, 17, 31, 32, and 33, to run concurrently.  The court sentenced Petitioner Hunt to concurrent

10-year terms of supervised release as to Counts 1, 24, 28, and 34; 8-year terms as to Counts 4, 6, 9, 12, 14-16, 18, 19, 20, 22, 23, 25, and 30; 6-year terms as to Counts 2, 3, 7, 8, 10, 11, 13, 17, 31, 32, and 33. The court also imposed a $3200 special assessment

Petitioner proceeded on appeal to the Eleventh Circuit Court of Appeals, which on April 21, 2008 affirmed Petitioner's sentence and conviction. (*See United States v. Hunt,* Docket No: 07-10703)

A Writ of Certiorari was not sought.[1]

---

[1] A prisoner has one year from "the date on which the judgment of conviction becomes final" to file a Title 28 U.S.C. § 2255. *Id.* 28 U.S.C. § 2255 ¶ 6(1) In *Clay v. United States,* --- U.S. ----, 123 S.Ct. 1072, --- L.Ed.2d ---- (2003), the Supreme Court held that finality occurs when the time to seek certiorari expires (69 days after the mandate, for a litigant who did not seek rehearing or an extension of time).

## ARGUMENT

## I. THE SENTENCE OF MR. HUNT IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

### 1) The Performance of Counsel for Mr. Hunt Fell Below an Objective Standard of Reasonableness During the Sentencing and Appellate Phases

### A. Ineffectiveness Standard of Review

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Id.* 466 U.S. at 688-689; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

The Court stated that, "judicial scrutiny of counsel's performance must be highly deferential" and added that "a court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id*

The Court clarified that this reference to "highly deferential scrutiny"[2] referred only to the first or performance prong of the test and meant that,

> "... the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id. Strickland v. Washington*, 466 U.S. at 689-691

The Court added that,

> "... strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make a reasonable and proper decision that makes particular investigations unnecessary." *Id.*

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the decision sets forth what test can be made in evaluating whether counsel was within the range of "reasonable professional assistance", or fell below an objective standard of

---

[2] The Court stated that "factors which may actually have entered into counsel's selection of strategies and ... may thus affect the performance inquiry ... are irrelevant to the prejudice inquiry." *Strickland v., Washington*, 466 U.S. at 695.

reasonableness.[3] *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). *See also*: *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).

The Supreme Court noted that,

"a single, serious error may support a claim of ineffective assistance of counsel."

*Id. Kimmelman v. Morrison*, 477 U.S. at 384.

The Court added that this "single serious error" could cause counsel's performance to fall "below the level of reasonable professional assistance", even where, "counsel's performance at trial was "generally creditable enough", and even where counsel had made "vigorous cross-examination, attempts to discredit witnesses, and [an] effort to establish a different version of the facts." *Id*. 477 U.S. at 386.[4]

---

[3] This presupposes, for the instant argument, that the defendant provided counsel with complete and accurate information and did not place any restrictions on counsel's strategy. *Id. Strickland v Washington*, 466 U.S. at 691.

[4] See also *Murray v. Carrier,* 477 U.S. 478, 496, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986) ("The right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."); *Smith v. United States*, 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in. the PSR", but pointing out that "error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects.); *United States v. Al King Jones*, 2001 U.S. Dist. LEXIS 1740 (ED. LA 2-9-01) (same).

The government argued, and the Court agreed that the determining factor was whether or not counsel's "single serious error" or "failure" was the result of, or attributable to, a trial "strategy". *Id.,* 477 U.S. 384-386; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

The Court then found that no "strategy" was involved in that case and that counsel's performance thereby fell below the *Strickland v. Washington* objective standard because counsel's failure was based "on counsel's mistaken beliefs" as to the laws governing discovery. *Id.* 477 U.S. at 385.

The Supreme Court added:

"Viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forego that stage of pretrial preparation and applying a 'heavy measure of deference', *ibid.*, to his judgment, we find counsel's decision unreasonable, that is, contrary to prevailing professional norms. The justification Morrison's attorney offered for his omission betray a startling ignorance of the law--or a weak attempt to shift blame for inadequate preparation. 'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Id.* Respondent's lawyer neither investigated, nor made a reasonable decision not to investigate the State's case through discovery."

*Id. Kimmelman v. Morrison*, 477 U.S. at 385.

In other words, the Court determined that counsel's omissions were not part of any "strategy" or trial tactic because they had not been taken after thorough investigation of the law and facts relevant to all plausible options available to counsel. From this, the Court determined that the omissions were professionally unreasonable and had caused counsel's performance to fall below the objective standard of *Strickland*. *See Kimmelman v. Morrison*, 477 U.S. at 385-387; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000). In short, no deference is due to counsel's actions, and the performance of counsel falls below the *Strickland* objective standard of reasonableness[5] if counsel's specific acts or omissions are not demonstrably[6] the result of actual strategic

---

[5] For purposes of this portion of the *Strickland* analysis, the Court presumes that counsel's failures were at least potentially prejudicial to the defendant. *Kimmelman v. Morrison*, 477 U.S. at 365, 387, 390-91.

[6] *See United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989)(record must "conclusively" demonstrate strategic nature of counsel's actions); *Harris v. Reed*, 894 F.2d 871, 878 (7th Cir. 1990) (reviewing court should "not construct strategic defenses which counsel does not offer")(*citing Kimmelman v. Morrison*, 477 U.S. at 386); *Moffet v. Kolb*, 930 F.2d 1156, 1160-61(7th Cir. 1991)(counsel's unexplained failure to use available police report, to impeach prosecution witness's statements and support theory of defense, below objective standard of *Strickland*); *United States v. Headley*, 923 F.2d 1079, 1084 (3rd Cir. 1991) (remanding for hearing where there was " rational basis" in the record to believe that sentencing counsel's failure, to argue for downward adjustment in Sentencing Guidelines for minor role, was a "strategic choice"); *United States v. Acklen,* 47 F.3d 739, 743-44 (5th Cir. 1995) (remanding for evidentiary hearing where there was nothing in record to indicate counsel's failures were attributable to strategic choice among all plausible alternatives available for defense); *United States v. Dawson,* 857 F.2d 923, 929 (3rd

choices made between or among all plausible options "after thorough investigation of law and facts relevant to all possible options." *Strickland,* 466 U.S. at 691; *Kimmelman v. Morrison*, 477 U.S. at 385-387; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00).[7] Where a convicted defendant is making a claim of ineffective assistance of counsel, the defendant,

> "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."

*Id. Strickland v. Washington*, 466 U.S. at 690.

If the record does not "conclusively" demonstrate "strategic reasons" for counsel's failures, the district court entertaining a motion under 28 USC § 2255 must hold an evidentiary hearing. [8] *A subsequent affidavit*

---

Cir. 1988) (absent evidence in the record, "this court will not speculate on trial counsel's motives"); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same).

[7] The courts have decided that counsel's failure to consider or investigate laws and facts relevant to potentially viable defenses cannot be said to be the result of reasonable professional judgment, nor can it be termed "strategic" or "tactical' or "objectively reasonable", because "counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when he has not yet obtained the facts on which such, a decision could be made." *Gray, supra*, 878 F.2d at 711 (citing *Strickland*, 466 U.S. at 690-91); *Holsomback v. White*, 133 F.3d 1382(11th Cir. 1998) (same); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996).

[8] *See United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989); *United States v. Briggs*, 939 F2d 222, 228 (5th Cir. 1991); *United States v. Estrada*, 849 F.2d 1304, 1306-1307 (1st Cir. 1988) and *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir, 1994); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of

*from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing.* [9]

In the instant case, Mr. Hunt has made specific, sworn, factual allegations which this Court should accept as true for the purpose of considering whether to hold an evidentiary hearing, because they are not conclusively disproved by the files and records of this case.

### B. Prejudice Standard of Review

In writing for the majority in *Strickland v. Washington*, 466 U. S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), Justice O'Connor stated the general rule that, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id.*   466 U.S. at 693, 80 L.Ed.2d at 697.

---

claim); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief) and *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same).

[9] *See Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990) and *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986) and *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978).

More specifically, Justice O'Connor set forth the now well known statement of the test for "prejudice" in claims of actual ineffectiveness of counsel as:

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* 466 U.S. at 695, 80 L.Ed.2d at 698.

While the Court noted the government's, perhaps natural, inclination to argue that attorney error is harmless unless the defendant can show that "counsel's deficient conduct more likely than not altered the outcome of the case", [10] the Court specifically and explicitly rejected this argument by the government.

In rejecting any outcome determinative test such as that employed in Federal Rule of Criminal Procedure 33 analysis, the Court stated:

> The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

---

[10]This, of course, means that the 'plain error" standard also does not apply to ineffective assistance of counsel claims. *Id. See United States v. Olano*, 507 U.S. 725, 735 (1993) (plain error "must be real and such that it probably influenced the verdict.")

*Id. Strickland v. Washington,* 466 U.S. at 694; *Williams Taylor,* 120 S. Ct. 1495, 1519, (2000)[11]

The Court further specifically rejected the application of the "actual prejudice" standard of *United States v. Frady*, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982), to claims of ineffective assistance of counsel, with the following admonishment:

> "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceedings whose result is challenged. Since fundamental fairness is the central concern of the writ of

---

[11] *See also United States v. Day,* 969 F.2d 39, 45 and [n.3] (3rd Cir. 1992) (same) and *United States v. Loghery*, 908 F.2d 1014, 1018-1020 (D.C. Cir. 1990) (same). While some Courts have held that *Lockhart v. Fretwell,* 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) modified *Strickland* "to require a separate inquiry into fundamental fairness even when [Petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding", *Williams v. Taylor*, 120 S. Ct, 1495, 1512-16, 146 L. Ed. 2d 389 (2000), this construction of *Lockhart v. Fretwell*, was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances where the "different outcome" would be contrary to the law. *Id.* As Justice O'Connor carefully pointed out in *Lockhart v. Fretwell*,:

> "... today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland*. The determinative question - whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' ... remains unchanged," *Id*. 506 U.S. at 373 (O'Connor) (concurring).

habeas corpus, *see id.* at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

*Id. Strickland*, 466 U.S. at 697-98, 80 L.Ed.2d at 700.[12]

The Court hearing an ineffectiveness claim should consider the totality of the factors which guided the decision maker in the challenged proceeding, then try to determine which factors were or were not "affected" by counsel's errors.

> "Taking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors] a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

*Id. Strickland v. Washington,* 466 U.S. at 696, 80 L.Ed2d at 699.

Where through "hindsight"[13] the Court can determine that, but for the errors of counsel, there is a "reasonable probability" of a different outcome, a probability sufficient to "undermine confidence" in the challenged proceedings, the defendant has affirmatively proven prejudice. *Strickland*, 466 U.S. at 694-95*; United States v. Glover,* 121

---

[12] *See Kimmelman v. Morrison*, 477 U.S. at 375, 393 and [n.1] (demonstration of "a reasonable probability" that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel); *Oshorn v. Shillinger*, 861 F.2d 612, 626 and [n.13] (10th Cir. 1988) (same); *Smith v. United States*, 871 F.Supp. 251, 255 (ED. Va. 1994) (same).

[13]*Lockhart v. Fretwell*, 122 L.Ed.2d at 189-91; *Mayo v. Henderson,* 13 F.3d 528, 534 (2nd Cir. 1994) (prejudice determination, unlike performance determination, may be made with benefit of hindsight")

S.Ct. 696 (2001); *Williams v Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).[14]

This rule is applicable to find "prejudice" where hindsight demonstrates that counsel's constitutionally deficient performance deprived a federal criminal defendant of a consideration for a favorable adjustment or downward departure under the United States Sentencing Guidelines. *United States v. Glover*, 121 S.Ct. 696 (2001)(rejecting Court of Appeals' rule that only a 'substantial' change in application of sentencing guidelines constituted "prejudice" within the meaning of *Strickland*).[15]

---

[14] In *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00), the Supreme Court recently, explicitly, rejected the theory that *Lockhart v. Fretwell*, 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) somehow modified *Strickland* "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding". *Williams v. Taylor*, 120 S.Ct. 1495, 1512-116, 146 L.Ed.2d 339 (4-18-00). This construction of *Lockhart v. Fretwell*, was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances where a "different outcome" would be contrary to the law. *Id.* See also: *Mays v. Gibson*, (10th Cir. 2000)(citing *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000)); *Jackson v. Calderon*, 2000 US App. LEXIS 9049 (9th Cir. 5-8-2000) (same).

[15] *See also United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996) ("The failure to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel") (collecting cases); *United States v Kissick*, 69 F.3d 1048, 1056 (10th Cir. 1995) (same) and *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (same) and *United States v. Acklen*, 47 F.3d 739, 743 (5th Cir. 1995) (same) and *United States v. Headley*, 923 F.2d 1079, 1083-84 (3rd Cir. 1991) (same) and *Smith v. United States*, 871 F.Supp. 251, 255 (E.D. Va. 1994)

The *Strickland* test for "prejudice" is applicable to cases where a criminal defendant is challenging his conviction or sentence due to actual ineffective assistance of counsel, in the prosecution of his direct appeal, *Banks v. Reynolds*, 54 F.3d 1508 (10th Cir. 1995),[16] with the caveat that "prejudice" in this type of case is limited to the "outcome" of the direct appeal. It does not require the defendant to demonstrate that he would be "successful on remand"; only that there is a *reasonable probability* that he would have had his conviction arid/or sentence vacated and/or remanded to the lower court. *United States v. Mannino*,

---

(same) and *Cabello v. United States*, 884 F.Supp. 298, 302-303 (N.D. MD 1995) (same) and *Spearman v. United States,* 860 F.Supp. 1234, 1244-46 (E.D. Mich. 1994) (failure to provide grounds for potential downward departure under guidelines ineffective assistance) and *United States v. Partee*, 31 F.3d 529, 534 (7th Cir. 1994) (failure to move court for downward departure under guidelines may constitute "prejudice" under *Strickland*) and *United States v. Graham,* 884 F.Supp. 13, 14 and [n.1] (D.D.C. 1995)(same) and *Nichols v. United States,* 75 F.3d 1137 (7th Cir. 1996)(unprofessional failure to challenge relevant conduct as violative of U.S.S.G. § 1B1.3 prejudiced defendant within the meaning of *Strickland*) and *United States v. Londono,* 998 U.S. App. LEXIS 7482 (7th Cir. 1997)(unprofessional failure to challenge enhancement for "leadership role" prejudiced defendant within the meaning of Strickland).

[16] *See also United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999) (holding that counsel was deficient because he did not "keep abreast of legal developments related to [Petitioner's] case" which would have revealed a solid and meritorious appellate issue); *United States v. Mannino*, 212 F.3d 835; 2000 U.S. App. LEXIS 10382 (2nd Cir. 2000); *Mayo v Henderson*, 13 F.3d 528 (2nd Cir. 1994); *Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992); *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989); *Matire v. Wainwright*, 811 F.2d 1430 (11th Cir. 1987); *Grady v. Artuz*, 931 F.Supp. 1048 (S.D.N.Y. 1996); *Daniel v. Thigpen*, 742 F.Supp. 1535 (M.D. Ala. 1990)

212 F.3d 835 (2nd Cir. 2000)  Specifically, Mr. Hunt has made specific, sworn, factual allegations, in his § 2255 petition that he was prejudiced by the objectively unreasonable performance of counsel in the pre-trial and sentencing phases of his case.

Based on the foregoing facts and law, Mr. Hunt has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United Stases v. Glover*, 121 S.Ct. 692 (2001); *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00); *Freeman v. Lane,* 962 F.2d 1252 (7th Cir. 1992) and *Orazio v. Dugger*, 876 F.2d 1508, 1513-14 (11th Cir. 1989).

This meritorious claim of ineffective assistance of counsel constitutes both an independent ground for relief and constitutes "cause" allowing the Court to reach the merits of Mr. Hunt's claim of violation of his rights under the Sixth Amendment.  *Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992) (the "failure of appellate counsel to preserve on direct appeal, matters that will be deemed meritorious on collateral review constitutes cause" under the analysis of *Wainwright v. Sykes*, 433 U.S. 72, 87, 53 L.Ed 2d 594, 97 S.Ct. 2497 (1977) and *United*

*Stases v. Frady*, 456 U.S. 152, 167-68, 170 (1982)) (*citing Orazio v. Dugger*, 876 F.2d 1508, 1513-14 (11th Cir. 1989) (same)).

## A. COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO ADVISE THE COURT THAT THE GOVERNMENT HAD NOT COMPLIED WITH THE REQUIREMENTS OF TITLE 21 U.S.C. § 851

It has been well established that the Eleventh Circuit follows a strict requirement of compliance with the procedural and substantive requirements of § 851(a)(1) notices. See *United States v. Rutherford,* 175 F.3d 899, 904 (11th Cir. 1999); *United States v. Olson,* 716 F.2d 850, 852-53 (11th Cir.1983); *United States v. Noland,* 495 F.2d 529, 530 (5th Cir. 1974).

Title 21 U.S.C. § 851 is explicit on the filing requirements of the statute in order to allow the Court to impose a mandatory minimum sentence due to Government's reliance on a defendant's prior conviction.

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, ***unless before trial,*** or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical

mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The failure to file the timely notice is fatal to the imposition of the mandatory minimum sentence. See *United States v. Olson,* 716 F.2d 850, 852 (11th Cir. 1983)(the government's failure to file a ***timely*** section 851(a)(1) notice precludes enhancement even if the defendant knew before trial that he was subject to a sentence enhancement based on prior convictions); *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974)[17]. The Eleventh Circuit has also ruled that the government's failure to file a ***timely*** section 851(a)(1) notice precludes enhancement even if the defendant does not challenge the validity of his prior convictions. See, *Noland,* 495 F.2d at 533.

In the instant case, the minutes of the Court record establishes that Petitioner's trial began with the *vior dire* of the jury on November 13, 2006 at 9:22 am, with the jury being sworn prior to the initial lunch break for the day which occurred at 12:35 pm on November 13, 2006. However, the Government's Title 21 U.S.C. § 851 notice of enhanced

---

[17] The decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to close of business on that date, would be binding as precedent on all federal courts within the Eleventh Circuit. See, *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (5th Cir. 1981)

sentence was not "filed" with the Clerk's Office until 1:34 pm on November 13, 2006 during the lunch recess.   Neither is there any documentation on the record that counsel was severed prior to the beginning of trial.  The certificate of service establishes that the Title 21 U.S.C. § 851 was "mailed" to counsel on November 13, 2006 at his office.  (See Appendix A)

The untimely filing prior to the beginning of trial is fatal to the pleading.  (See, Title 21 U.S.C. § 851 ... no person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial*, or before entry of a plea of guilty, the United States attorney files an information with the court...)

It has clearly been established that under statute requiring government provide notice that it will seek sentence enhancement by filing information with court and serving copy of information on defendants before trial, that the wording "before trial" means before *voir dire. See, United States v. McAllister*, 29 F.3d 118 (7th Cir. 1984); *Kelly v. United States,* 29 F.3d 1107 (7th Cir. 1994)("Before trial begins," as used in statute providing that defendant must receive

notice before trial begins if defendant is to receive enhanced penalty as result of prior conviction, means before jury selection begins, not before jury is sworn in drug prosecution); *United State v. White,* 980 F.2d 836 (2nd Cir. 1992)("Before trial," within meaning of statute requiring United States attorney to file previous offender information with court "before trial," means before commencement of jury selection)

All the information that is currently before this Court is that after the jury was selected, sworn and had recessed for lunch, that the Government actually filed and served vial mail to trial counsel the notice requirement of Title 21 U.S.C. § 851.[18] The record is devoid of any notifications that the requirements of Title 21 U.S.C. § 851 were ever met prior to the selection of the jury. The record does establish, however, that the pleading was filed during the lunch recess on the first day of trial approximately 16 minutes prior to the Court reconvening for the jury instructions.

Counsel prior to the sentencing hearing, had in his possession the Title 21 U.S.C. § 851 pleading that was untimely filed with the Clerk's

---

[18] If this Court were to follow the Docket Entry on the Clerk's docket sheet, the Clerk did not enter the Title 21 U.S.C. § 851 pleading until November 15, 2006. However, the Government's filed copy of the Title 21 U.S.C. § 851 notification clearly establishedthat the same was filed with the Clerk's Office on November 13, 2009 at 1:34 pm in the afternoon.

Office. Counsel's failure to advise the Court that it lacked the jurisdiction to impose a term of life incarceration while relying on the Title 21 U.S.C. § 851 pleading, caused Petitioner to be sentenced based on an incorrect mandatory minimum sentence.

Accordingly, since the documents before this Court clearly establishes that the Title 21 U.S.C. § 851 document was not filed prior to the beginning of trial as required in the statute, this Court must agree that the Court lacked the jurisdiction to impose a mandatory term of life incarceration and remand for resentencing is required in this case.

## III. AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

*Id.* Title 28 U.S.C. § 2255

In the instant case as set forth in the Statement of Claim of the § 2255 motion, and the foregoing arguments, Mr. Hunt has pleaded, presented evidence, and argued the applicable law to demonstrate that his sentence is violative of his Sixth Amendment right to effective assistance of counsel in the sentencing process.

While many of the allegations are already well established by the files and records of this case, many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records". These allegations require an evidentiary hearing under well settled law. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994)(petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir.

1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923 (7th Cir. 2000).

Based on all of the foregoing, Mr. Hunt respectfully requests this Honorable Court to **ORDER** an evidentiary hearing where he can prove his case.

## CONCLUSION

**WHEREFORE** MOVANT Mr. Hunt respectfully asks this Honorable Court to: (A) **ORDER** an evidentiary hearing as set forth in his § 2255 motion; and, upon proof of his allegations herein, **ORDER** that Mr. Hunt's sentence be **VACATED**.

Done this 20th, day of July 2009

_____
Law Offices of Henry E. Marines
Henry E. Marines, Esq.
Florida Bar No.:  702722
9485 SW 72 Street, Suite A-200
Miami, FL 33173
(305) 412-4443 Office
(305) 704-8217 Fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 06-80070-CR-MIDDLEBROOKS/JOHNSON(s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

WINFRED L. HUNT, a/k/a "Big Dred", "Fat Boy,"

        Defendant,

_____/

### DRUG SENTENCING INFORMATION

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and files this Information notifying defendant Winfred L. Hunt of its intention to rely upon the sentencing enhancement contained in 21 U.S.C. §841(b).

Defendant is hereby notified that the United States intends to rely, at sentencing, upon the following conviction for a felony drug offense, to seek the enhanced penalty: Case number 95-000472-CF, Circuit Court for the Fifteenth Judicial Circuit, In and For Palm Beach County, Florida, judgement of conviction entered December 22, 1995. A copy of the Judgment of Conviction is attached to defense counsel's copy of this pleading.

In addition, for Counts 1 and 24, the United States intends to rely, at sentencing, upon the following conviction for a felony drug offense, to seek the enhanced penalty: Case number 95-000471-CF, Circuit Court for the Fifteenth Judicial Circuit, In and For Palm Beach County, Florida, judgement of conviction entered December 22, 1995. A copy of the Judgment of Conviction is attached to defense counsel's copy of this pleading.

In the alternative, in the event that the defendant successfully establishes that either of the above-listed convictions were invalid, 21 U.S.C. §851(c)(1), the United States would rely on the other conviction to support the sentencing enhancement.

Defendant is hereby notified pursuant to 21 U.S.C. §§841(b) and 851 that the defendant faces a statutory mandatory minimum penalty of life as to counts 1 and 24; a mandatory minimum penalty of 10 years and statutory maximum penalty of life as to counts 2-9, 12, 14-16, 18-20, 22, 23, 25-34, and 38; and statutory maximum penalty of 30 years as to counts 10-11, 13, 17, 21, 31-33 and 35 as a result of the filing of this Information.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:      /s/

KAREN L. ATKINSON
Assistant United States Attorney
Florida Bar No.178603
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy was mailed __13th__ day of November,

2006, to:

Allen Geesey, Esq., Counsel for **W. Hunt**
505 S. Flagler Drive, Suite 400
West Palm Beach, FL 33401
Telephone: 561-655-9983
Fax: 561-655-7972

/s/

KAREN L. ATKINSON
ASSISTANT U.S. ATTORNEY

3